# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 2, 2004

## STATE OF TENNESSEE v. CARLOS EDDINGS

### Direct Appeal from the Criminal Court for Shelby County
### No. 01-03777    W. Otis Higgs, Jr., Judge

---

### No. W2003-02255-CCA-R3-CD  - Filed October 8, 2004

---

DAVID G. HAYES, Judge, concurring in part; dissenting in part.

The majority concludes that modification of the defendant's ten-year sentence is required in light of *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004).  I must respectfully dissent.

Any sentencing challenge available to the defendant under *Blakely* is now waived because the defendant did not object at trial to what he now contends is a constitutionally invalid sentencing scheme.  Tenn. R. App. P. 36(a).  In *Blakely*, the Supreme Court did not pronounce a new rule of law.  Rather, it only provided an explanation of the rule previously expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), with regard to the term "statutory maximum."  Clearly, the defendant could have raised this issue under *Apprendi* at the trial level as did the defendant Blakely; however, this was not done.  In *United States v. Cotton*, 535 U.S. 625, 631-34, 122 S. Ct. 1781, 1785-87 (2002), the Supreme Court held, after its decision in *Apprendi*, that the defendant's claim of right to a trial and finding by a jury on a fact used to enhance the defendant's sentence was forfeited because it was not raised at trial.  Moreover, the Supreme Court has held

> (1) the *Apprendi* rule is *not* a substantive rule that alters the range of conduct or the class of persons that the law punishes; rather, it is a procedural rule that affects only the manner of determining the defendant's culpability, and (2) the *Apprendi* rule is *not* a "watershed rule of criminal procedure" that implicates the fundamental fairness and accuracy of criminal proceedings.

*People v. George Carl Sample*, No. C044445 (Cal. Ct. App. Sept. 13, 2004) (quoting *Schriro v. Summerlin*, __ U.S. __, 124 S. Ct. 2519, 2523-24 (2004)).  Accordingly, I find the *Blakely* issue waived.

Because the issue is waived, it is reviewable only under the discretionary authority of plain error.  Tenn. R. Crim. P. 52(b).  Rule 52(b) provides, "[a]n error which has affected the substantial

rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." This court is permitted to correct an error not raised before the trial court only when (1) the lower record is clear, (2) a clear rule of law has been breached, (3) a substantial right has been affected, (4) the waiver was non-tactical, and (5) consideration of the error is necessary to do substantial justice. *State v. Smith*, 24 S.W.3d 282-83 (Tenn. 2000) (adopting the test articulated by this court in *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994)). The asserted "'plain error' must [have been] of such a great magnitude that it probably changed the outcome of the trial." *Adkisson*, 899 S.W.2d at 642.

First, assuming that the error is plain, my review of the record fails to demonstrate that the fifth factor of plain error analysis is satisfied. The proof at trial established beyond a reasonable doubt that the defendant treated the victim with exceptional cruelty during the commission of the offense. The victim was choked, her mouth and face were wrapped with duct tape, which made breathing almost impossible, she was repeatedly called a "bitch," she was dragged from her chair to the safe, she was placed on her knees with a gun at her head, and she was repeatedly threatened with death. As a result of the physical abuse and personal indignities, she suffered a heart attack. The fact that the victim was treated with exceptional cruelty is not contested. Clearly these facts would permit a rational trier of fact to find that the victim was treated with exceptional cruelty. In view of these circumstances, the defendant has failed to establish that consideration of the error is "necessary to do substantial justice" or that the alleged error changed the outcome of the sentencing decision. *See United States v. Stephen Savarese*, No. 04-1009 (1st D. Sept. 22, 2004).

> The reasoning of the United States Supreme Court in *Cotton* is similar to, but not identical with, harmless error analysis. The court previously had explained that invariably to refuse to consider errors when no objection was made would be out of harmony with rules of fundamental justice. Accordingly, if the defendant points to plain error that affected substantial rights, then an appellate court has discretion to correct the error. Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the "affecting substantial rights" prong of Rule 52(b). But such a showing is not itself sufficient. An appellate court should not correct the error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

> It was this latter test the Supreme Court applied in *Cotton*, concluding that when the defendants did not object in the district court to the sentencing proceeding and did not attempt to dispute or controvert the evidence in support of a sentencing factor that justified the sentence imposed, and the evidence of the factor was overwhelming, then forfeiture applies and reversal on appeal is wholly unwarranted.

*George Carl Sample*, No. C044445 (internal citations omitted).

I conclude that application of the exceptional cruelty factor, in the absence of any mitigating factors, is sufficient to enhance the defendant's sentence by two years.  For these reasons, I would affirm the defendant's sentence of ten years.  In all other respects, I join with the majority.

_____

David G. Hayes, Judge